UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Case No. 1:26-MJ-95 |
| CHRISTIAN A. CADOW, Accused. | ) | |

**MR. CADOW'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND TO DISMISS COUNT III OF THE CRIMINAL INFORMATION**

The Accused, CHRISTIAN A. CADOW, by counsel, states as follows:

Statement of Facts

1. On November 21, 2025, at approximately 2228 hours, a single Fort Belvoir police officer (Unit 105) initiated a traffic stop of a gray Honda traveling northbound on Richmond Highway (U.S. Route 1), near the Gunston overpass. The weather was dark and rainy. (Discovery 000003, 000011, 000020.)

2. The asserted bases for the stop were that the defendant changed lanes without a signal and was driving "too fast for weather conditions" at "a high rate of speed." The officer's speed observation was a visual impression unaided by radar or other instrument, and no dash-camera or body-worn-camera recording of the driving or the stop has been produced in discovery. (Discovery 000003, 000011, 000020.)

3. After the stop, the officers reported an odor of alcohol, bloodshot and watery eyes, slurred speech, and poor balance. The defendant stated that he had not been drinking, and he declined to perform field sobriety tests. (Discovery 000011, 000020.)

4. The defendant was arrested for driving under the influence; his vehicle was searched

and towed; and he was transported to the Fort Belvoir Police Department, advised of implied consent, and declined a breath test. (Discovery 000011, 000024, 000034–000035, 000039.)

5. Count III rests on conduct at the roadside: the reports describe the defendant pulling his arms away, stiffening or straightening his arm, and declining to widen his stance while the officers handcuffed him. Nothing in the Information or the discovery alleges that the defendant fled or attempted to leave; he remained in the officers' physical control throughout. (Discovery 000011, 000015, 000020, 000029.)

## ARGUMENT

### I. The Evidence Derived From the Traffic Stop Must Be Suppressed Because the Stop Was Not Supported by Reasonable Suspicion.

#### *A. A traffic stop is a seizure that the Government must justify.*

A traffic stop is a seizure within the meaning of the Fourth Amendment and must be supported by reasonable, articulable suspicion that a law has been violated. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Whren v. United States*, 517 U.S. 806, 809–10 (1996); *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). When the stop is warrantless, the Government bears the burden of establishing that it rested on reasonable suspicion supported by specific and articulable facts, not on an inchoate or unparticularized hunch.

#### *B. The uncorroborated, unaided observations of a single officer at night and in the rain do not carry that burden.*

The stop here rested on the observations of one officer, at night and in the rain, that the defendant changed lanes without signaling and drove "too fast for weather conditions" at "a high rate of speed." No radar or other instrument measured the vehicle's speed; the estimate was purely visual. No recording of the driving or the stop has been produced. The Fourth Circuit has

held that an officer's uncorroborated visual estimate that a vehicle was traveling in excess of the limit does not, standing alone, justify a stop absent additional indicia of reliability such as radar or pacing. *United States v. Sowards*, 690 F.3d 583, 588–92 (4th Cir. 2012). A vague impression that a vehicle was moving "too fast for conditions," formed by a single observer in darkness and rain and expressed in no measured terms at all, is weaker still. The asserted lane-change violation is the product of the same conditions and the same lone, uncorroborated observer, and its reliability cannot be resolved on the paper record — particularly given the internal inconsistencies that pervade the officers' reports. On the Government's burden, and subject to the officer's testimony at a hearing, these observations do not establish reasonable suspicion for the stop.

***C. The evidence obtained as a result of the stop is fruit of the poisonous tree.***

Evidence obtained as the direct result of an unlawful seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963). Because the stop was unlawful, the evidence flowing from it must be suppressed as to Counts II, V, VI, and VII: the officers' observations of the defendant's appearance, speech, and balance; his statements; his declination of field sobriety testing; the items recovered in the search of the vehicle; and his refusal of a chemical test. The defendant requests an evidentiary hearing at which the Government will be put to its burden of establishing reasonable suspicion for the stop.

**II. Count III Must Be Dismissed Because the Conduct Alleged Is Not "Resisting Arrest" Under the Assimilated Statute.**

An information must allege facts that, if proved, would constitute the charged offense; where the conduct alleged does not, as a matter of law, amount to the offense, the count must be dismissed. FED. R. CRIM. P. 12(b)(3)(B)(v).

Count III charges resisting arrest under 18 U.S.C. § 13, assimilating Virginia Code § 18.2-

460. The pertinent subsection makes it unlawful to "intentionally prevent[] or attempt[] to prevent a law-enforcement officer from lawfully arresting him." VA. CODE § 18.2-460(E) (LexisNexis 2026). But the statute defines that phrase narrowly: "For purposes of this subsection, intentionally preventing or attempting to prevent a lawful arrest means fleeing from a law-enforcement officer" when the officer applies physical force, or communicates that the person is under arrest and a reasonable person would know he is not free to leave. *Id.* (emphasis added). The offense is fleeing; resistance short of flight does not satisfy it.

The Court of Appeals of Virginia has squarely so held. In *Joseph v. Commonwealth*, 64 Va. App. 332 (2015), the court reversed a resisting conviction where the defendant refused to place his hands behind his back, "repel[led] the officer's efforts to secure the handcuffs on him," and "backed up onto the officer," but "did not leave the scene and remained continuously in . . . close proximity" to the officer. *Id.* at 335, 340. Because there was no flight, the conduct did not satisfy the statute. Physical resistance to being handcuffed, without more, is not the crime.

That is precisely this case. The Information and the discovery describe the defendant pulling his arms away, stiffening or straightening his arm, and declining to widen his stance while the officers handcuffed him. (Discovery 000011, 000015, 000020, 000029.) Nowhere is it alleged that he fled, ran, or attempted to leave the scene; to the contrary, he remained in the officers' physical control throughout. As a matter of law, that conduct is not resisting arrest under Virginia Code § 18.2-460(E), and Count III must be dismissed.

<u>Conclusion</u>

For the foregoing reasons, the defendant respectfully requests that the Court suppress all evidence obtained as a result of the November 21, 2025 stop and seizure, dismiss Count III of the

Criminal Information, and set the motion to suppress for an evidentiary hearing.

CHRISTIAN A. CADOW

By: /s/ Scott A. Surovell
Counsel

Scott A. Surovell, Esq., VSB #40278
SUROVELL ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Direct Dial 703-277-9750
Facsimile 703-591-2149
Counsel for Mr. Cadow

Certificate of Service

I certify that on September 8, 2026, I emailed and mailed a copy of the foregoing to:

Julianna Battaglia, Esq.
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

/s/ Scott A. Surovell
Scott A. Surovell